REUBEN STURMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sturman v. Commissioner
Docket Nos. 22846-90, 7846-91
United States Tax Court
T.C. Memo 1993-355; 1993 Tax Ct. Memo LEXIS 372; 66 T.C.M. (CCH) 358; August 16, 1993, Filed *372 Decisions will be entered for respondent. For respondent: Matthew J. Fritz, Donza M. Poole, and Nancy Ortmeyer Kuhn. COHEN
COHEN
MEMORANDUM OPINION COHEN, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Docket
Sec.
Sec.
Sec.
Number
Year
Deficiency
6653(b) 6653(b)(1)
6653(b)(2)
7846-91
1975
$ 835,213  $ 417,606.50
--  --
7846-91
1976
555,711
277,855.50
--  --
7846-91
1977
266,729
133,364.50
--  --
22846-90
1978
464,828
236,092.00
--  --
22846-90
1979
1,012,958
507,937.00
--  --
22846-90
1980
1,285,106
664,216.50
--  --
22846-90
1981
1,547,154
806,735.50
--  --
22846-90
1982
572,180
--
$ 294,918
[1]
Docket
Sec. Sec. Number
Year
6654(a) 6661(a) 22846-90
1978
$ 13,208.05
--  22846-90
1979
39,679.09
--  22846-90
1980
77,117.40
--  22846-90
1981
118,341.19
--  22846-90
1982
53,275.10
$ 147,933.75
Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are *373 to the Tax Court Rules of Practice and Procedure. This matter is now before the Court on respondent's Motion for Summary Judgment filed June 3, 1993. Petitioner has failed to comply with the Court's Order for response to that motion and with other Court Orders, notwithstanding various extensions granted due to petitioner's incarceration. Numerous and detailed facts have been admitted pursuant to Rule 37(c) by reason of petitioner's failure to file a reply to the allegations in respondent's Amended Answers. The admitted facts may be the basis for upholding respondent's determinations, including respondent's determinations of additions to tax for fraud under section 6653(b). . Those facts are summarized in this opinion. During each of the years in issue, petitioner was engaged in the production, display, and sale of sexually explicit adult-oriented materials in the United States and foreign countries. He controlled at least 147 "adult bookstores" throughout the United States. He also controlled foreign corporations and related bank accounts in several countries, primarily in Switzerland, that have corporate *374 and bank secrecy laws. Petitioner concealed his ownership of the corporations and the bank accounts by use of aliases and nominees. Petitioner had signatory authority over, and exercised dominion and control over, the deposits in the bank accounts held in the names of those aliases and nominees. Petitioner failed to report the income diverted through these accounts on his Federal income tax returns or to pay Federal income taxes on the income thus received. On February 15, 1990, petitioner was convicted of violation of section 7201 for 1978 through 1982. His conviction was affirmed by the Court of Appeals for the Sixth Circuit. Petitioner is, therefore, collaterally estopped to deny that he underpaid his taxes due to fraud for those years. See , affg. ; . Respondent cannot rely on collateral estoppel for 1975, 1976, and 1977. The facts admitted, however, establish a pattern of fraudulent conduct, including failure to report income and elaborate efforts to *375 conceal that income and to prevent the collection of taxes on that income. The admitted facts thus constitute clear and convincing evidence of fraud for all of the years in issue, and respondent's burden of proof has been satisfied. Because the matters admitted are sufficient to satisfy respondent's burden of proving fraud and petitioner has failed to show that there is a genuine issue as to any material fact, respondent's Motion for Summary Judgment will be granted. Rule 121(b). Appropriate orders will be issued and decisions will be entered for respondent. Footnotes
1. 50 percent of the interest on $ 589,836.↩